UNION SCREW COMPANY *vs.* AMERICAN SCREW COMPANY.

The opinion of this court heretofore given in this case, 11 R. I. 569, 570, affirmed.

BILL IN EQUITY for specific performance. On the respondent's petition for a rehearing.

The previous proceedings in this case are reported in 11 R. I. 569.

A final decree was entered the 57th day of the October Term, 1880, December 24, 1880, as follows: -

" *This cause came on to be heard at the March Term of this court, A. D. 1877, on bill, answer, and proofs, and was argued by*

*counsel, and thereupon, upon consideration thereof, on this 24th day of December, A. D. 1880, it is ordered, adjudged, and decreed as follows :*

"*That. the complainant corporation have and recover of the respondent corporation the sum of three thousand two hundred and thirty ($3,230) dollars, being the amount of the dividend accruing upon three hundred and twenty-three (323) shares of the capital stock of respondent corporation after the date of the award between the parties in the pleadings mentioned.*

"*It is further ordered, adjudged, and decreed that the complainant corporation have and recover of said respondent corporation the further sum of $1,405.59, interest on said three thousand two hundred and thirty ($3,230) dollars from the 23d day of September, A. D. 1873, to the date of the entry of this decree, making. the total sum of $4,635.59, and that neither party recover costs.*"

The respondent filed a petition for a rehearing February 17, 1881, which was heard by the court June 7, 1882, and was decided by the following opinion :

*June* 17, 1882. CARPENTER J. In the hearing of this petition, the points which would be urged at a rehearing, if such were granted, have been fully argued, and we have fully considered them. We find, however, no error in the decree, and especially no such obvious error as would support the petition.

The bill prays specific performance of the contract, and alleges that the stock received by the complainant was of less value than it should have been according to the true intent and meaning of the contract by reason of the manner in which it was issued, and also alleges that after the time for performance of the contract, and before it was performed, the respondents made payments of money out of the funds of the company in derogation of the right of the complainant and to the diminution of the value of the stock actually conveyed. On the first issue above indicated the court found for the respondent, and on the second issue the court found as a fact that such payments had been so made to the extent of a certain dividend which was declared October 7, 1867, and further found that the complainants should have participated in that dividend. This dividend was declared on the day after the

contract should have been performed,[1] and, it is admitted, was declared from profits earned before that day. The amount of that dividend, therefore, equitably belonged on the day it was declared to whomsoever was on that day the equitable owner of the stock; and if it be now decreed to be paid to that owner, such payment will compensate him for the diminution of the value of his property which resulted from the payments to the other stockholders. It is to be observed that the stock was valued as of March 28, 1867, and on March 30 a dividend at the same rate as the dividend of October 7 was declared and afterwards paid. This dividend was obviously paid from profits earned before March 28, and therefore reduced by so much the value of the stock. In this view we see no reason to doubt the propriety of the decree which directs that a payment equal to that dividend shall now be made to the complainant.

Nor do we see reason to reverse the decree so far as it directs payment of interest. The respondent, when the transfers of stock and other property were finally made, should have transferred to the complainant stock having the same value which it would have had if it had been transferred on the day fixed for performance. Had it been transferred on that day the complainant would have received the dividend, and ought now to have interest as damages for the detention of the money.

The petition will therefore be dismissed.

*Petition dismissed.*

*Charles S. Bradley, Edwin Metcalf & Charles Bradley,* for complainant.

*James Tillinghast,* for respondent.

---

[1] By a clerical error the date of the dividend was printed October 6, 1867, in the former opinion in 11 R. I. 573.